**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JAMES A. CROWE,

      Defendant - Appellant.

No. 99-6409
(D.C. No. CR-99-62-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **KELLY**, and **HENRY**, Circuit Judges.

Defendant-Appellant James A. Crowe appeals from his conviction of bank fraud, 18 U.S.C. § 1344(1). He was sentenced to 33 months imprisonment, three years supervised release, and ordered to pay a $100 special assessment and $19,418.87 in restitution. On appeal, he contends that the district court erred in allowing the government to introduce evidence of an uncharged fraud that he perpetrated against an individual. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The conduct underlying Mr. Crowe's conviction for bank fraud consisted of his opening an account at Citizens Bank in Edmond, Oklahoma, and depositing two checks into the account knowing that those checks were drawn on a closed account that had no funds. After making these deposits, Mr. Crowe wrote checks from the Citizens Bank account for his personal use, causing extensive loss to the bank.

At trial, the government introduced evidence of Mr. Crowe's dealings with James Prentice, an Oklahoma City mobile home dealer, whom Mr. Crowe bilked out of money by making misrepresentations and using checks drawn on the same closed account that he later used to defraud Citizens Bank. Mr. Crowe made proper objections to the evidence at trial, and contends on appeal that the unfair prejudice associated with the evidence outweighed any probative value it might have had, violating Federal Rules of Evidence 403 and 404(b) and rendering his trial unfair.

We review a district court's decision to admit evidence under Rule 404(b) for an abuse of discretion. See United States v. Roberts, 185 F.3d 1125, 1141 (10th Cir. 1999), cert. denied, 120 S.Ct. 1960 (2000). After careful review, we conclude that the evidence was introduced for the proper purpose of establishing Mr. Crowe's knowledge and intent with respect to the bank fraud charge, and therefore the district court did not abuse its discretion in admitting the evidence.

Background

In the spring of 1998, Mr. Crowe entered an agreement with Gerald Cox to open and run "Sissy's Family Restaurant," to be financed by Mr. Cox. In connection with opening the restaurant, Mr. Cox opened a commercial checking account at The Bank, N.A. in McAlester, Oklahoma. Both Mr. Cox and Mr. Crowe were signatories on the account. One week after the opening of the restaurant, Mr. Cox was informed by a bank employee that Mr. Crowe had written a number of questionable checks and that there was a problem with the account. Mr. Cox then removed Mr. Crowe's name from the restaurant account, informed Mr. Crowe's wife that Mr. Crowe's name had been taken off the account, took the restaurant checkbook back from Ms. Crowe, and closed the restaurant.

On Friday July 24, 1998, Mr. Crowe met with James Prentice, an Oklahoma City mobile home dealer. He told Mr. Prentice that he was interested in a mobile home because he was planning on opening up a restaurant in the area. He then gave Mr. Prentice a business card from the now-defunct Sissy's Family Restaurant. After several hours of discussion, Mr. Crowe chose a mobile home, signed a contract for it, and gave Mr. Prentice a $30,000 down payment by writing a check on the closed Sissy's Family Restaurant account. After signing the contract, Mr. Crowe asked Mr. Prentice if he could borrow some money to

- 3 -

cover his costs while he was staying in Oklahoma City. Mr. Prentice gave him $180 in cash, and Mr. Crowe wrote a check to Mr. Prentice for that amount drawn on the closed Sissy's restaurant account. The next day, Mr. Crowe told Mr. Prentice that he was going to go to an auction that evening to buy some restaurant equipment and asked Mr. Prentice to loan him some more money. Mr. Prentice withdrew $500 from his bank and gave it to Mr. Crowe, who told Mr. Prentice that they would "settle up later." But Mr. Prentice never saw Mr. Crowe again, and was never repaid the $680. Mr. Crowe also never took delivery of the mobile home for which he had written a $30,000 check drawn on the closed account.

## Discussion

On appeal, Mr. Crowe contends that the district court improperly allowed the government to introduce exhibits (the $180 check, the mobile home sales contract, and the Sissy's Restaurant business card) and testimony related to the fraud perpetrated against Mr. Prentice. Federal Rule of Evidence 404(b) prohibits introduction of "evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." However, such evidence may be admissible to prove motive, intent, knowledge, plan, and lack of mistake. See Fed. R. Evid. 404(b).

In determining whether the district court properly admitted 404(b) evidence, we must ascertain whether: (1) the evidence was offered for a proper purpose; (2) the evidence was relevant; (3) the trial court made a Rule 403 determination that the probative value of the evidence was not substantially outweighed by the potential for unfair prejudice; and (4) the trial court, if requested, instructed the jury that the evidence was to be considered solely for the proper purpose for which it was admitted. See United States v. Huddleston, 485 U.S. 681, 691 (1988); Roberts, 185 F.3d at 1141.

We disagree with Mr. Crowe's claims that the challenged evidence was offered for an improper purpose, irrelevant, or unfairly prejudicial. The challenged evidence was offered to show Mr. Crowe's intent and his knowledge of the status of the restaurant account, both proper purposes for 404(b) evidence. 2 R. at 187. The evidence was relevant as well. In both the mobile home incident and the charged bank fraud incident, Mr. Crowe wrote checks on the closed Sissy's restaurant account. In both cases, the bad checks were passed at times when banking systems were closed. (Mr. Crowe gave Mr. Prentice the $30,000 and $180 checks late Friday afternoon, and he deposited a $16,000 check at Citizens Bank on Sunday afternoon). In both cases Mr. Crowe got cash as a result of having passed the bad checks, and in both cases he used the fraudulent story about opening a restaurant to increase his credibility.

Additionally, the mobile home incident is relevant to and probative of Mr. Crowe's knowledge about the lack of funds in the restaurant account. The fact that he wrote a $30,000 check on the account for a down payment on a mobile home for which he never intended to take delivery tends to indicate his knowledge that the account was unfunded when he deposited the fraudulent checks with Citizens Bank just two months later. The trial court did not abuse its discretion in finding that the evidence was not unfairly prejudicial because of the timing of the mobile home incident in relation to the bank fraud, and because the same account was used in both cases. See id. at 188. Finally, the court gave a limiting instruction to the jury concerning the purposes for which the evidence could properly be used, thus fulfilling the fourth prong of the Huddleston test. Id. at 214-215. The trial court did not abuse its discretion in allowing the challenged evidence, and its judgment is therefore AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge